UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 4:22-cv-10482 |
| v. | ) |
| **GOLDEN HORIZON LLC,** a Michigan limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **Golden Horizon LLC**, a Michigan limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

       actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Golden Horizon LLC** operates and owns a Holiday Gateway Hotel located at 5353 Gateway Center, Flint, MI 48507 in Genesee County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **Golden Horizon LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of

his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has twice been an overnight hotel guest at the property that forms the basis of this lawsuit, most recently on or about November 19-20, 2021, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including weekly adaptive tennis, frequent adaptive rock wall climbing, kayaking, adaptive hand cycle events and skiing in Southeast Michigan. Through his participation in adaptive sports, Leland Foster has established many friendships in the area with whom he socializes regularly and with whom he frequents many establishments in the Genesee County region. Frequently his trips and events require overnight accommodations.

9. During the Plaintiff's stays, and most recently on the night of November 19, 2021, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to

access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of Holiday Gateway, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking Area

A. The parking area lacks the required number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

B. Designated accessible parking lack required adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

C. Designated accessible parking spaces lack required signage, in violation of the ADA whose remedy is readily achievable.

D. There are no designated Van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

E. Conference Center accessible parking facility has missing and non-compliant adjacent access aisles with excess slope and uneven ground surfaces, in violation of the ADA whose remedy is readily achievable.

F. There are accessible parking spaces with access aisles (or missing access aisles) that do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

G. On more than one occasion the hotel property has blocked use of designated accessible parking spaces by using the accessible parking as a staging and storage area for building materials and equipment, in violation of the ADA whose remedy is readily achievable.

H. Accessible parking has not been maintained and has faded and barely visible paint, and combined with an absence of signage makes them difficult to identify, in violation of the ADA whose remedy is readily achievable.

Accessible Routes

I. The hotel registration passenger loading zone does not provide a marked access aisle adjacent to the vehicle pull up space, in violation of the ADA whose remedy is readily achievable.

J. There is no accessible route from the main parking facility to the "J. Porters" restaurant or hotel registration due to a non-compliant curb ramps and lack of marked crossings, in violation of the ADA whose remedy is readily achievable.

K. Curb ramps have serious cracks, broken pavement and changes in level causing them to be unusable, in violation of the ADA whose remedy is readily achievable.

L. There is not a compliant accessible route from some of the site arrival points to the facility entrances they serve, in violation of the ADA whose remedy is readily achievable.

M. There are curb ramps serving the conference center parking with excess slope and side flares and that also extend into parking access aisles, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

N. The hotel's courtesy shuttle does not have adaptive features, including a ramp, lift, or space for wheelchair users, preventing disabled guests from using the service available to able-bodied guests, in violation of the ADA whose remedy is readily achievable.

O. The hotel registration transaction counter exceeds 36 inches above the finish floor and an adjacent alternate lowered surface is not presently intended for registration customer use, does not have registration capabilities, and does not constitute equivalent facilitation, in violation of the ADA whose remedy is readily achievable.

P. Elevators do not have floor designations provided on both jambs of elevator hoistway entrances, in violation of the ADA whose remedy is readily achievable.

Q. There are amenities in the guest laundry mounted in excess of the permitted height range above the finish floor, in violation of the ADA whose remedy is readily achievable.

Conference Center Restrooms

R. The men's restroom toilet compartment door is not self-closing and does not provide door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

S. The men's restroom accessible toilet compartment does not have required clear floor space for a wheelchair user, in violation of the ADA whose remedy is readily achievable.

T. The water closet flush control located in the men's restroom accessible toilet compartment is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

U. The toilet seat covers in the men's restroom are mounted above the maximum reach range allowance, in violation of the ADA whose remedy is readily achievable.

V. The men's restroom designated accessible toilet compartment lacks required grab bars, in violation of the ADA whose remedy is readily achievable.

W. The operable parts on the baby changing station in the men's restroom are mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

X. There is not an ambulatory accessible toilet compartment, whereas for a restroom where the combination of urinals and water closets totals six or more fixtures, one ambulatory compartment is required, in violation of the ADA whose remedy is readily achievable.

Y. The water closet in the men's restroom accessible toilet compartment is not positioned 16 inches minimum to 18 inches maximum from the side wall or partition, in violation of the ADA whose remedy is readily achievable.

Z. The automatic towel dispensers are mounted so that their operable parts exceed the allowable height range of 48 inches above the finish floor, in violation of the ADA whose remedy is readily achievable.

AA. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Guest Rooms

BB. Upon information and belief, there is not the required number of designated accessible guestrooms with mobility features, whereas for a hotel with 171 total guest rooms, eight (8) guest rooms with mobility features are required, in violation of the ADA whose remedy is readily achievable.

CC. There are no designated accessible guestrooms equipped with roll-in showers, whereas for a hotel with 171 guestrooms a minimum of two are required, in violation of the ADA whose remedy is readily achievable.

DD. The designated accessible guestrooms are located only in standard King guestrooms and are not disbursed among the varied types, prices and classes of lodging options of guestrooms, including a lack of accessible suites with Jacuzzi tubs, accessible poolside suites, accessible executive rooms, and no accessible rooms with double beds, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestroom #131

EE. The door to the guestroom does not have the required latch-side clearance to exit, in violation of the ADA whose remedy is readily achievable.

FF. There are amenities, including a clothing rack, towel racks, and hair dryer, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

GG. The bathtub contains non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

HH. There is no in-tub seat or removable tub seat in the guestroom bathroom, in violation of the ADA whose remedy is readily achievable.

II. The shower sprayer lacks an on/off switch and non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

JJ. The faucet controls in the bathtub are not mounted between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

KK. The water closet in the restroom does not have the required seat height above the finish floor, in violation of the ADA whose remedy is readily achievable.

LL. Temperature controls in the guestroom require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms and Guestroom #119

MM. The bathtub has non-compliant placement of grab bars and is missing required grab bars, in violation of the ADA whose remedy is readily achievable.

NN. There is no in-tub seat or removable tub seat in the guestroom bathroom, in violation of the ADA whose remedy is readily achievable.

OO. The faucet controls in the bathtub are not mounted between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

PP. The detachable hand held shower sprayer is mounted in excess of the permissible reach range and the shower sprayer lacks an on/off switch and non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

QQ. There are amenities, including a clothing rack, towel racks, and hair dryer,

    mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable

RR. There is not the required 60 inches clear floor space around the water closet due to the lavatory encroaching upon the area, in violation of the ADA whose remedy is readily achievable.

SS. The door to the guestroom does not have the required latch-side clearance to exit, in violation of the ADA whose remedy is readily achievable.

TT. The curtain rods require tight clasping to operate, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

UU. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendant **Golden Horizon LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by **Golden Horizon LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff

requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq.*

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **Golden Horizon LLC** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Foster and others with mobility impairments, handicap compliant transient lodging without undertaking readily achievable barrier removal for the duration of the years of its ownership since 2018 in spite of an ongoing duty to its patrons and overnight guests with disabilities, like Mr. Foster.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

    Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI